1   MICHAELSON, SUSI & MICHAELSON          (SPACE BELOW FOR FILING STAMP ONLY)
         A Professional Corporation
2           ATTORNEYS AT LAW
      SEVEN WEST FIGUEROA STREET, SECOND FLOOR
3        SANTA BARBARA, CALIFORNIA 93101-3191
            Telephone: (805) 965-1011
4            Facsimile: (805) 965-7351

         Peter Susi, Bar No. 62957
5

6   Attorneys for Debtors and Debtors-in-Possession

7

8            UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION

10

11   In re                              )   BK No. ND 09-12311-RR
                                        )
12   HOLLYWOOD MOTION PICTURE AND        )   Chapter 11
     TELEVISION MUSEUM, a               )
13   California Non-Profit              )   Jointly Administered with:
     Corporation, and                  )   Case No: 9:10-bk-10865-RR
14                                       )
     SELDEN ENTERPRISES LIMITED         )
15   PARTNERSHIP,                        )
                                        )   NOTICE OF PROPOSED ORDER
16             Debtors.                 )   CONFIRMING DEBTORS' FIRST
                                        )   AMENDED PLANS OF
17   ─────────────────────────          )   REORGANIZTAION AND
                                        )   CONFIRMATION SETTLEMENT
18   [X] Affects both Debtors           )   AGREEMENT AMONG DEBTORS AND
                                        )   GREGORY J. ORMAN
19   [ ] Applies only to Hollywood      )
     Motion Picture and Television      )
20   Museum                             )
                                        )   No Hearing
21   [ ] Applies only to Selden         )
     Enterprises Limited                )
22   Partnership                        )
                                        )
23                                       )
                                        )
24                                       )
25   ─────────────────────────

26

27

28

                              - 1 -

1  TO CREDITORS, THE OFFICE OF THE UNITED STATES TRUSTEE, AND

2  OTHER INTERESTED PARTIES:

3      PLEASE TAKE NOTICE that the Order Confirming First Amended

4  Chapter 11 Plans of Reorganization filed by Debtors in these

5  cases, a copy of which is attached to this notice as Exhibit

6  "A", will be signed and entered by the Court unless timely

7  objection is filed and properly served no later than 21 days

8  following service of this notice upon you.  Unsecured creditors

9  holding Allowed Claims will be paid in full, plus statutory

10 interest from the Petition Dates, from the proceeds of sale or

11 an auction or auctions of Debtors' memorabilia collection to

12 occur on or before December 31, 2011, all as set forth in

13 detail in Debtors' Plans.

14     Any party who opposes entry of the proposed order must

15 file and serve a written objection upon Debtors' counsel, Peter

16 Susi of Michaelson, Susi & Michaelson at 7 West Figueroa

17 Street, Second Floor, Santa Barbara, California 93101; Gregory

18 J. Orman's counsel, Mark A. Shaiken, Stinson Morrison Hecker

19 LLP, 1201 Walnut, Suite 2900, Kansas City, Missouri 64106; the

20 Office of the United States Trustee, and other parties

21 ///

22 ///

23 ///

24 ///

25 ///

26 ///

27 ///

28 ///

1 | requesting special notice.  Objections not filed and served may

2 | be deemed waived.

3 |     If you require further information, you may contact the

4 | undersigned.

5 |     DATED:  September  15 , 2010.

6 |                                MICHAELSON, SUSI & MICHAELSON
                                   A Professional Corporation

7 |

8 |                                By

9 |                                   PETER SUSI, Attorneys for
                                      Debtors and Debtors-in-

10 |                                  Possession

1  MICHAELSON, SUSI & MICHAELSON
   A Professional Corporation
2  ATTORNEYS AT LAW
   SEVEN WEST FIGUEROA STREET, SECOND FLOOR
3  SANTA BARBARA, CALIFORNIA 93101-3191
   Telephone:  (805) 965-1011
4  Facsimile:   (805) 965-7351

   Peter Susi, Bar No. 62957

(SPACE BELOW FOR FILING STAMP ONLY)

5

6  Attorneys for Debtors and Debtors-in-Possession

7

8              **UNITED STATES BANKRUPTCY COURT**

9     **CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

10

11  In re                              )  BK No. ND 09-12311-RR
                                       )
12  HOLLYWOOD MOTION PICTURE AND       )  Chapter 11
    TELEVISION MUSEUM, a               )
13  California Non-Profit              )  Jointly Administered with:
    Corporation, and                   )  Case No: 9:10-bk-10865-RR
14                                      )
    SELDEN ENTERPRISES LIMITED         )
15  PARTNERSHIP,                       )  ORDER CONFIRMING FIRST
                                       )  AMENDED CHAPTER 11 PLANS OF
16            Debtors.                  )  REORGANIZATION
                                       )
17  ─────────────────────────          )
                                       )
18  [X] Affects both Debtors           )  **Confirmation Hearing:**
                                       )
19  [ ] Applies only to Hollywood      )  Date:     September 8, 2010
    Motion Picture and Television      )  Time:     10:00 a.m.
20  Museum                             )  Place:    1415 State Street
                                       )            Courtroom 201
21  [ ] Applies only to Selden         )            Santa Barbara, CA
    Enterprises Limited                )
22  Partnership                        )
                                       )
23                                      )
                                       )
24                                      )

25

26

27            **EXHIBIT " A "**

28

1  AT SANTA BARBARA, CALIFORNIA, IN SAID DISTRICT ON THE 8TH DAY OF

2  SEPTEMBER, 2010.

3       At the above date, time and place, the Court held a

4  hearing on confirmation (the "Confirmation Hearing") of the

5  first amended chapter 11 plans of reorganization filed by

6  debtors Hollywood Motion Picture & Museum ("Museum's Plan") and

7  Selden Enterprises Limited Partnership ("Selden's Plan," and

8  collectively, "Debtors' Plans") and the first amended chapter

9  11 plan of liquidation filed by secured creditor Gregory Orman

10 in the Hollywood Motion Picture & Museum case ("Orman's Plan").

11 The capitalized terms in this Order have the same meanings as

12 accorded to them in the Debtors' Plans unless otherwise set

13 forth herein.  Copies of Museum's Plan and Selden's Plan are

14 attached hereto as Exhibits "A" and "B," respectively.

15      Peter Susi and Jonathan Gura of the law firm of

16 Michaelson, Susi & Michaelson appeared for Debtors.  Mark

17 Shaiken of the law firm Stinson Morrison Hecker and David

18 Farmer of the law firm Farmer & Ready appeared for Orman.

19 Other appearances are as noted on the record.

20      The Court, having considered the Debtors' Plans and

21 Orman's Plan, the pleadings and declarations filed in support

22 and opposition to each of the plans, the arguments of counsel

23 and testimony of witnesses at the Confirmation Hearing, makes

24 the following findings:

25      The Court has jurisdiction over this matter pursuant to 28

26 U.S.C. § 1334 and this matter is a core proceeding as defined

27 by 28 U.S.C. §§ 157(b)(2)(A), (L) and (O).  The Court has the

28 authority to enter a final order confirming the Debtors' Plans

- 2 -

1  pursuant to 28 U.S.C. § 157(b)(1) and 11 U.S.C. §§ 1128, 1129,

2  1141 and 1142.

3      A hearing took place on June 16, 2010 on the original

4  disclosure statements filed by Debtors and Orman at which the

5  Court set certain dates relating to confirmation of and voting

6  on Debtors' Plans and Orman's Plan.  In accordance with the

7  timeline set by the Court at the June 16, 2010 hearing, Debtors

8  and Orman each filed their amended plans and amended disclosure

9  statements and properly served all parties in interest with the

10 amended plans, amended disclosure statements and ballots.

11     The notice to Creditors and other parties in interest

12 provided in connection with Debtors' Plans is reasonable and in

13 all respects complies with the Fed. R. Bankr. P. 2002(b) and

14 3017.  All persons and entities entitled to receive notice of

15 the hearing and the objection deadline concerning confirmation

16 of Debtors' Plans have received due, proper and adequate notice

17 thereof.

18     At the Confirmation Hearing, Debtors and Orman settled

19 their dispute over the amount and treatment of the Orman claim.

20 The terms of the settlement are set forth in the Confirmation

21 Settlement Agreement (the "Settlement Agreement") attached

22 hereto as Exhibit "C" and incorporated by reference herein.

23 The Debtors, Fisher, Reynolds, the Trust, and Orman are hereby

24 authorized and directed to perform the terms of Exhibit "C" –

25 the Settlement Agreement.

26     The Debtors have agreed that the Orman claim will be paid

27 in accordance with the terms of Exhibit "C" and that to the

28 extent there is any inconsistency between Debtors' Plans, this

- 3 -

1 Order, and Exhibit "C," this Order and Exhibit "C" shall

2 control.

3     Debtors' Plans alter the legal, equitable and contractual

4 rights to which Orman is entitled and therefore leaves Orman

5 impaired.  Orman has agreed to accept Debtors' Plans subject to

6 the amendments reflected in Exhibit "C" and to withdraw the

7 Orman Plan.

8     Debtors have designated Christie's, and Christie's is

9 hereby authorized, to conduct the initial auction of the

10 Collection.

11     The Effective Date of Debtors Plans is fourteen days after

12 the Confirmation Date.  On or before July 23, 2011, Debtors

13 will pay all net proceeds from the sale of the Collection to

14 Orman up to the full amount of Orman's claim as set forth in

15 Exhibit "C."  Any remaining funds from the sale of the

16 Collection shall be paid pro-rata to creditors holding Allowed

17 Claims in order of priority as set forth in the Bankruptcy Code

18 up to the full amount of each Allowed Claim ("July 23, 2011

19 Payments").  In the event Allowed Claims remain unpaid after

20 the July 23, 2011 Payments, the remaining unpaid Allowed Claims

21 will be paid in full no later than December 31, 2011 from

22 proceeds of the sale of the Collection in accordance with

23 Debtors' Plans.

24 **The Requirements of Section 1129**

25     § 1129(a)(1).  Debtors' Plans comply with the applicable

26 provisions of Chapter 11 of the Bankruptcy Code including,

27 without limitation, all of the requirements of 11 U.S.C. §

28 1129(a).

- 4 -

1    § 1129(a)(2).  Debtors have complied with the applicable

2    provisions of the Bankruptcy Code required by 11 U.S.C. §

3    1129(a)(2).

4    § 1129(a)(3).  Debtors' Plans have been proposed in good

5    faith and not by any means forbidden by law and therefore

6    complay with the requirements of 11 U.S.C. § 1129(a)(3).

7    § 1129(a)(4).  All payments made or promised to be made by

8    Debtors for services or costs and expenses in connection with

9    these cases, or in connection with Debtors' Plans incident to

10   these cases, have been approved or are subject to approval of

11   the Court, as reasonable, as required by 11 U.S.C. §

12   1129(a)(4).

13   § 1129(a)(5).  The Debtors have disclosed the identity and

14   the nature of any insider compensation as required by 11 U.S.C.

15   § 1129(a)(5).

16   § 1129(a)(6).  No governmental regulatory commission has

17   jurisdiction over the rates of Debtors.  Therefore, §

18   1129(a)(6) is inapplicable to confirmation of Debtors' Plans.

19   § 1129(a)(7).  Each holder of a Claim and/or Interest has

20   either accepted Debtors' Plans or will receive or retain under

21   Debtors Plans on account of such Claim or Interest, property of

22   a value as of the Effective Date of Debtors' Plans that is not

23   less than the amount that such holder would so receive or

24   retain if Debtors' estates were liquidated under Chapter 7 as

25   required by 11 U.S.C. § 1129(a)(7).

26   //

27   //

28   //

- 5 -

1    § 1129(a)(8).

2         In the Museum Case:

3         Class 1.   Class 1 is impaired under Museum's

4    Plan (as amended herein and by the Settlement Agreement) and

5    has accepted the plan.

6         Class 2.   Class 2 is impaired under Museum's

7    Plan and has not accepted the plan.   However, 11 U.S.C. §

8    1129(b) permits confirmation of Museum's plan despite a

9    nonaccepting class of unsecured claims if the plan meets all

10   requirements except the voting requirements of 1129(a)(8) and

11   if the plan does not discriminate unfairly and is fair and

12   equitable toward each impaired class that has not voted to

13   accept the plan.   Museum's plan does not discriminate unfairly

14   as all Class 2 creditors are treated alike under the plan.   11

15   U.S.C. § 1129(b)(2)(B)(i) provides that the plan must provide

16   that each unsecured creditor in the class receive property, as

17   of the effective date, equal to the amount of its claim.

18   Museum's plan satisfies the requirements of 11 U.S.C. §

19   1129(b)(2)(B)(i) because all creditors in Class 2 are receiving

20   full payment of their Allowed Claim plus statutory interest

21   from the petition date to the date of payment.   In re Perez, 30

22   F.3d 1209 (9th Cir. 1994).

23        Class 3.   Class 3 has accepted Museum's Plan,

24   and will be unaffected by Confirmation because Class 3 Allowed

25   Claims will remain as Claims against the reorganized Debtor.

26

27

28

- 6 -

1      In the Selden Case:

2           Class 1.   Class 1 is impaired under Selden's

3   Plan (as amended herein and by the Settlement Agreement) and

4   has accepted the plan.

5           Class 2.   Class 2 has accepted Selden's Plan.

6           Class 3.   Class 3 is impaired under Selden's

7   Plan and has not accepted the plan.   However, 11 U.S.C. §

8   1129(b) permits confirmation of Selden's plan despite a

9   nonaccepting class of unsecured claims if the plan meets all

10  requirements except the voting requirements of 1129(a)(8) and

11  if the plan does not discriminate unfairly and is fair and

12  equitable toward each impaired class that has not voted to

13  accept the plan.   Selden's plan does not discriminate unfairly

14  as all Class 3 creditors are treated alike under the plan.   11

15  U.S.C. § 1129(b)(2)(B)(i) provides that the plan must provide

16  that each unsecured creditor in the class receive property, as

17  of the effective date, equal to the amount of its claim.

18  Selden's plan satisfies the requirements of 11 U.S.C. §

19  1129(b)(2)(B)(i) because all creditors in Class 3 are receiving

20  full payment of their Allowed Claim plus statutory interest

21  from the petition date to the date of payment.   In re Perez, 30

22  F.3d 1209 (9th Cir. 1994).

23          Class 4.   Class 4 has accepted Selden's Plan,

24  and will be unaffected by Confirmation because Class 4 Allowed

25  Claims will remain as Claims against the reorganized Debtor.

26          Class 5.   Class 5 has accepted Selden's Plan.

27      § 1129(a)(9).   Debtor's insiders have consented to

28  Debtors' Plans and payment to them will be deferred until all

- 7 -

1   other Allowed Claims are paid in full.   The only non-insider

2   Administrative or Priority Claims in Debtors' cases are held by

3   Michaelson, Susi & Michaelson ("MSM").   MSM has agreed to defer

4   payment of its claim until the Orman Claim is paid in full and

5   will thereafter be paid, as allowed by the Court in a

6   subsequent order, from proceeds of Debtors' memorabilia

7   auctions.

8       With respect to the Administrative Expenses and Priority

9   Claims specified in Debtors' Plans, each holder of a Claim

10   thereof will receive on account of such Claim, Cash equal to

11   the Allowed amount of such Claim on the Effective Date or upon

12   such other terms agreed by the respective holders of such

13   Claims and Debtors or as permitted by 11 U.S.C. § 1129(a)(9).

14       § 1129(a)(10).   The Debtors' Plans comply with the

15   provisions of 11 U.S.C. § 1129(a)(10).   Class 1 in each of

16   Debtors' Plans is a non-insider, is impaired, and has voted to

17   accept Debtors' Plans.

18       § 1129(a)(11).   § 1129(a)(11) requires a finding that

19   confirmation of the plan is not likely to be followed by the

20   liquidation of the debtor unless such liquidation is proposed

21   in the plan.   Debtors' Plans provide for the liquidation by

22   auction of the Collection and therefore comply with this

23   section.

24       § 1129(a)(12).   In conformity with the requirements of 11

25   U.S.C. § 1129(a)(12), all fees payable under 28 U.S.C. § 1930

26   as determined by the Court at the hearing on confirmation of

27   Debtors' Plans have been paid or the payment of all such fees

28

1   shall be made on the Effective Date of Debtors' Plans, or as

2   soon as such fees are allowed.

3       §§ 1129(a)(13)(14) and (15).  These sections are not

4   applicable to these cases.

5       § 1129(a)(16).  All transfers of property provided for in

6   Debtors Plans will be made in accordance with all applicable

7   non-bankruptcy law.

8       Debtors, all Creditors, and parties in interest

9   (regardless of whether they filed proofs of claim or voted) are

10   bound by the Debtors' Plans within the meaning of 11 U.S.C. §

11   1141 and as provided in the Plan and this Order.

12       NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED

13   AS FOLLOWS:

14       A.   Debtors' Plans, copies of which are attached hereto as

15   Exhibits "A" and "B," as modified by Exhibit "C" are hereby

16   confirmed.

17       B.   Debtors Plans shall be binding upon:  (i) the Debtors,

18   and (ii) any Creditors or parties in interest of the Debtors,

19   whether or not the Claim or Interest of such Creditor or party

20   in interest is impaired under Debtors' Plans and whether such

21   Creditor or party in interest filed a Claim or has accepted

22   Debtors' Plans.

23       C.   Except as otherwise provided in the Debtors' Plans,

24   from and after payment of all sums to be paid thereunder,

25   Debtors are discharged from each "debt" as that term is defined

26   in 11 U.S.C. § 101(12), and Debtors' liability in respect

27   thereof is extinguished completely.  All Claims and the debts

28   of the Debtors (whether reduced to judgment asserted or

- 9 -

1  unasserted, fixed or not, matured or unmatured, disputed or

2  undisputed, legal or equitable, known or unknown) that arose

3  from any agreement that the Debtors entered into, or obligation

4  incurred by Debtor, before the Confirmation Date, including,

5  without limitation, all interest, if any, on any such debts,

6  whether such interest was incurred before or after the Filing

7  Date (including without limitation, any liability of a kind

8  specified in 11 U.S.C. §§ 502(g), 502(h) and 502(i), whether or

9  not a proof of claim is filed or deemed filed under 11 U.S.C.

10  § 501, and whether or not such claimant has accepted the Plan),

11  which may permissibly be discharged or released under 11 U.S.C.

12  § 1141, are discharged as of Substantial Consummation of the

13  Plan as defined in 11 U.S.C. § 1101(2), except as expressly

14  provided for in the Debtors' Plans or this Confirmation Order.

15      D.   From and after entry of the Discharge Order, any

16  judgment at any time obtained, to the extent that such judgment

17  is a determination of the liability of the Debtors, is rendered

18  null and void except as expressly provided for in Debtors'

19  Plans.

20      E.   The Court retains jurisdiction of this case pursuant

21  to and for the purposes set forth in 11 U.S.C. § 1127(b) and

22  § 1142(b) and for the following purposes:

23          1.   Allowance or disallowance of Claims or

24  Interests;

25          2.   To hear all objections to Claims or Interests.

26  Objections shall be filed no later than

27  _____ ;

28

- 10 -

1         3.    To fix allowance of compensation and other

2 Administrative Expenses.  All applications for allowance of

3 Administrative Expenses shall be filed within

4 _____ days after the Confirmation Date;

5         4.    To resolve any dispute concerning interpretation

6 or implementation of Debtors' Plans or this Confirmation Order,

7 including, but not limited to, the resolution of any

8 ambiguities in, Debtors' Plans and to enforce the

9 implementation of Debtors' Plans, the Confirmation Settlement

10 Agreement, or this Confirmation Order, and to enforce the

11 provisions thereof;

12         5.    To correct any defect, cure any omission or

13 reconcile any inconsistency in the Debtors' Plans or this

14 Confirmation Order as may be necessary to carry out the purpose

15 and intent of the Debtors' Plans;

16         6.    To enter any order or decree closing Debtors'

17 Estates and determining the jurisdiction granted herein;

18         7.    To enforce and interpret by injunction or

19 otherwise the terms and conditions of the Debtors' Plans; and

20         8.    To enforce the injunction set forth in Paragraph

21 G below.

22     F.  Except as otherwise expressly provided in the Debtors'

23 Plans, all entities who have held, hold or may hold Claims and

24 all entities or persons who have held, hold or may hold an

25 Interest against Debtors, are permanently enjoined on and after

26 the Effective Date from: (i) commencing or continuing in any

27 manner any action or proceeding of any kind with respect to any

28 such Claim or Interest against the Debtors; (ii) the

- 11 -

1  enforcement, attachment, collection or recovery by any manner

2  or means of any judgment, award, decree or order against the

3  Debtors, or the property of the Debtors, with respect to any

4  such Claim or Interest; (iii) creating, perfecting or enforcing

5  any encumbrance of any kind against Debtor, or against the

6  property of the Debtors with respect to any such Claim or

7  Interest; and (iv) asserting any setoff, right of subrogation

8  or recoupment of any kind against any obligation due to the

9  Debtors, or against the property of the Debtors with respect to

10  any such Claim or Interest.

11      G.   Except as otherwise expressly provided in Debtors'

12  Plans or this Confirmation Order, on the Effective Date, the

13  Debtors shall be vested with all of the property of the Estates

14  free and clear of all Claims, liens, encumbrances, charges and

15  other interests of Creditors and equity security holders,

16  except as provided for in the Debtors' Plans and the

17  Confirmation Settlement Agreement.  The Debtors shall comply in

18  all respects with the provisions of Debtors' Plans and this

19  Confirmation Order and shall continue as Debtors-in-Possession

20  under the Bankruptcy Code until the Effective Date.

21      H.   The automatic stay of 11 U.S.C. § 362 shall remain in

22  effect until Substantial Consummation of Debtors' Plans as

23  defined in 11 U.S.C. § 1101(2), except as provided in the

24  Debtors' Plans.

25      I.   Persons soliciting acceptances of Debtors' Plans in

26  good faith and in compliance with the applicable provisions of

27  Title 11 are not liable on account of such solicitation or

28  participation, for violation of any applicable law, rule or

- 12 -

1 regulation governing solicitation of acceptances of Debtors'

2 Plans as set forth in 11 U.S.C. § 1126(e).

3      J.   A post-confirmation status conference will be held on

4 _____, at 10:00 a.m., unless the Court has

5 entered a Final Decree prior to that date.  If a Final Decree

6 has not been entered, the Debtors shall file a Status Report

7 with the court on or before _____, which

8 Report shall contain at least the following information:

9           1.   A schedule listing for each debt and each Class

10 of Claims:  the total amount required to be paid under the

11 Debtors' Plans; the amount required to be paid as of the date

12 of the Report; the amount actually paid as of the date of the

13 Report; and the deficiency, if any, in required payments;

14           2.   A schedule of any and all post-confirmation tax

15 liabilities that have accrued or come due, and a detailed

16 explanation of payments thereon;

17           3.   The Debtors' projections as to their continuing

18 ability to comply with the terms of the Debtors' Plans;

19           4.   An estimate of the date for Substantial

20 Consummation of Debtors' Plans and application for final

21 decree; and

22 //

23 //

24 //

25 //

26 //

27

28

- 13 -

1          5.    Any other pertinent information needed to

2  explain the progress toward completion of the confirmed

3  Debtors' Plans.

4

5                                    _____
                                     ROBIN L. RIBLET
6                                    United States Bankruptcy Judge

7

8
   Approved as to Form and Content:
9

10

11 Attorneys for Gregory Orman

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              - 14 -

1  | MICHAELSON, SUSI & MICHAELSON  (SPACE BELOW FOR FILING STAMP ONLY)
A Professional Corporation
2  | ATTORNEYS AT LAW
SEVEN WEST FIGUEROA STREET, SECOND FLOOR
3  | SANTA BARBARA, CALIFORNIA 93101-3191
Telephone: (805) 965-1011
4  | Facsimile: (805) 965-7351

Peter Susi, Bar No. 62957

5

6  | Attorneys for Debtor and Debtor-in-Possession

7

8  | **UNITED STATES BANKRUPTCY COURT**

9  | **CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

10

11 | In re                                ) BK No. ND 09-12311-RR
                                         )
12 | HOLLYWOOD MOTION PICTURE AND         ) Chapter 11
   | TELEVISION MUSEUM, a                 )
13 | California Non-Profit                ) Jointly Administered with:
   | Corporation, and                    ) Case No: 9:10-bk-10865-RR
14 |                                      )
   | SELDEN ENTERPRISES LIMITED           )
15 | PARTNERSHIP,                         ) DEBTOR'S FIRST AMENDED
   |                                      ) CHAPTER 11 PLAN OF
16 |              Debtors.                ) REORGANIZATION
   |                                      )
17 | ──────────────────────────────       )
   |                                      )
18 | [ ] Affects all Debtors             )
   |                                      )
19 | [X] Applies only to Hollywood       ) Date:    September 8, 2010
   | Motion Picture and Television        ) Time:    10:00 a.m.
20 | Museum                               ) Place:   1415 State Street
   |                                      )          Courtroom 201
21 | [ ] Applies only to Selden          )          Santa Barbara, CA
   | Enterprises Limited                  )
22 | Partnership                          )
   |                                      )
23 |                                      )
   |                                      )
24

25

26

27

28

EXHIBIT "△"

15

1

# TABLE OF CONTENTS

I.    DEFINITIONS ................................................ 1

II.   INTRODUCTION .............................................. 9

III. CLASSIFICATION & TREATMENT OF CLAIMS & INTERESTS ....... 10

  A. General Overview ......................................... 10

  B. Unclassified Claims ...................................... 10

    1. Administrative Expenses ............................... 10

  C. Classified Claims and Interests ......................... 10

    1. Classes of Secured Claims ........................... 10
    2. Classes of Priority Unsecured Claims ................ 12
    3. Classes of Unsecured Creditors ...................... 12

  D. Means of Performing Under the Plan ...................... 14

  E. Disbursing Agent ........................................ 16

IV. EXECUTORY CONTRACTS ....................................... 17

V.  EFFECTS OF CONFIRMATION OF PLAN .......................... 17

  A. Discharge ............................................... 17
  B. Revesting of Property in the Debtor ..................... 17
  C. Modification of Plan .................................... 17
  D. Post-Confirmation Status Report ......................... 18
  E. Quarterly Fees .......................................... 18
  F. Post-Confirmation Conversion/Dismissal .................. 18
  G. Final Decree ............................................ 19

1

## TABLE OF AUTHORITIES

2

3

**Statutes**

4

11 U.S.C. § 1125 ............................................................ 4

5

11 U.S.C. § 503(b) ......................................................1, 10

6

11 U.S.C. § 506(a) .......................................................... 2

7

11 U.S.C. § 541(a) .......................................................... 5

8

11 U.S.C. §§ 330(a) or 331 ...............................................1, 5

9

11 U.S.C. §§ 503(b), 507(a)(1) ............................................. 1

10

11 U.S.C. § 101 et seq. .................................................... 3

11

11 U.S.C. § 364(c)(1) ...................................................... 1

12

11 U.S.C. § 101(31) ........................................................ 6

13

11 U.S.C. § 1112(b) ....................................................... 18

14

11 U.S.C. § 507(a)(8) ...................................................... 7

15

11 U.S.C. § 1141 .......................................................... 17

16

28 U.S.C. § 1930(a)(6) .................................................... 18

17

11 U.S.C. §§ 507(a)(3), (4), (5), and (6) ................................. 12

18

11 U.S.C. § 507(a) ....................................................... 12

19

28 U.S.C. § 1911, et seq. .................................................. 1

20

21

22

**Rules**

23

Rule 3022 .............................................................. 6, 19

24

Rule 8001, et seq ......................................................... 6

25

Rules 1007(a) and (b) ..................................................... 8

26

27

28

**17**

# I.

## DEFINITIONS

1.01.     Administrative Claim shall mean a Claim for any cost or expense of administration in connection with this Case of a kind specified in §§ 503(b), 507(a)(1) and/or 364(c)(1) of the Code, including, without limitation, the actual, necessary costs and expenses of preserving the Estate and of operating the business of the Debtor, including wages, salaries, commissions or any other compensation for services rendered after commencement of the Case as allowed by the Court after notice and hearing pursuant to § 503(b) of the Code, compensation for legal or other services and reimbursement of costs and expenses under §§ 330(a) or 331 of the Code or otherwise allowed by the Court, and all fees and charges assessed against the Estate under Chapter 123, Title 28, United States Code (28 U.S.C. § 1911, et seq.)

1.02.     Advance Deadline shall mean July 31, 2010.

1.03.     Allowed Amount shall mean the dollar amount of an Allowed Claim.

1.04.     Allowed Claim shall mean a Claim:

(a)  With respect to which a proof of Claim has been Filed with the Court within the applicable period of limitation fixed by Rule 3001 or an order of the Court; or

(b)  Scheduled in the list of Creditors prepared and Filed with the Court pursuant to Rule 1007(a) and (b) and not listed as disputed, contingent or unliquidated as to amount; and

18

1               (c)   In either case as to which either no

2    objection to the allowance thereof has been interposed within

3    any applicable period of limitation fixed by Rule 3001 or an

4    order of the Court, or if a timely objection has been

5    interposed, it has been overruled or withdrawn pursuant to

6    stipulation, order or judgment which is no longer subject to

7    appeal or certiorari proceeding, and as to which no appeal or

8    certiorari proceeding is pending.

9        1.05.   Allowed Secured Claim shall mean an Allowed

10   Claim secured by a lien, security interest, or other charge

11   against or interest in, property in which the Debtor has an

12   interest, or which is subject to setoff under § 553 of the

13   Code, to the extent of the value (determined in accordance with

14   § 506(a) of the Code) of the interest of the holder of such

15   Allowed Claim and the Debtor's interest in such property or to

16   the extent of the amount of such setoff, as the case may be.

17       1.06.   Amended Note shall mean the Promissory Note

18   dated March 18, 2003, between Debtor and Orman with a face

19   amount of $2,373,764.

20       1.07.   Assets shall mean all Debtor's real and personal

21   property assets.

22       1.08.   Bar Date shall mean December 15, 2009, the date

23   the Court has fixed as the last date to file proofs of Claim,

24   including amendments thereto.

25       1.09.   Case shall mean the Chapter 11 bankruptcy

26   proceeding commenced in the Court by the Debtor on the Petition

27   Date.

28

**19**

1        1.10.        Claim shall mean any right to payment, or right

2   to an equitable remedy for breach of performance if such a

3   breach gives rise to a right to payment, against the Debtor in

4   existence on, or as of the Confirmation Date, whether or not

5   such right to payment or right to an equitable remedy is

6   reduced to judgment, liquidated, unliquidated, fixed,

7   contingent, matured, unmatured, disputed, undisputed, legal,

8   secured or unsecured.

9        1.11.      Claimant or Creditor shall mean the holder of a

10   Claim.

11        1.12.        Class shall mean any class into which Allowed

12   Claims or Allowed Interests are classified pursuant to Section

13   4 of the Plan.

14        1.13.        Code shall mean the Bankruptcy Code, 11 U.S.C. §

15   101 et seq., and any amendments thereof.

16        1.14.        Collateral shall mean any property of the Debtor

17   subject to a valid and enforceable lien to secure the payment

18   of an Allowed Secured Claim.

19        1.15.        Confirmation Date shall mean the date the Court

20   enters an Order of Confirmation.

21        1.16.        Court shall mean the United States Bankruptcy

22   Court for the Central District of California, in which the Case

23   is pending and any court having competent jurisdiction to hear

24   appeals or certiorari proceedings therefrom.

25        1.17.        Debtor shall mean Hollywood Motion Picture &

26   Television Museum, Inc., the Debtor and Debtor-In-Possession in

27   this case.

28

1      1.18.    Disallowed Claim shall mean any Claim or portion

2 thereof which has been disallowed by a Final Order.

3      1.19.    Disclosure Statement shall mean the Debtor's

4 Disclosure Statement re Plan of Reorganization prepared

5 pursuant to § 1125 of the Code with respect to the Plan,

6 together with any amendments or modifications thereto.

7      1.20.    Disputed Claim shall mean: (a) a Claim as to

8 which, if no proof of Claim has been Filed by the Bar Date or

9 has otherwise been deemed timely Filed under applicable law and

10 such Claim has been scheduled by the Debtor in its Schedules as

11 other than disputed, contingent or unliquidated: (1) the Debtor

12 has objected to the Claim and (2) (i) any agreement to settle

13 the dispute has not been executed, or (ii) if such agreement

14 was executed prior to the Confirmation Date, such agreement has

15 not been approved by the Court; or (b) a Claim as to which, if

16 a proof of Claim has been Filed by the Bar Date or has

17 otherwise been deemed timely Filed under applicable law, an

18 objection has been Filed by the Debtor or any other party in

19 interest and which objection, if timely Filed, has not been

20 withdrawn on or before any date fixed by the Plan or order of

21 the Court for Filing such objections and such objection has not

22 been denied by a Final Order.  Prior to the time that an

23 objection has been or may be timely Filed, for purposes of the

24 Plan, a Claim asserted in a proof of Claim shall be considered

25 a Disputed Claim if:  (a) the amount of the Claim specified in

26 the proof of Claim exceeds the amount of any corresponding

27 Claim scheduled by the Debtor in its Schedules (b) any

28 corresponding Claim in the Debtor's Schedules has been

1  scheduled as disputed, contingent or unliquidated, irrespective

2  of the amount scheduled; or (c) no corresponding Claim has been

3  scheduled by the Debtor in its Schedules. As to any Disputed

4  Claim, only the portion thereof which either (a) exceeds the

5  amount of any corresponding Claim scheduled by the Debtor in

6  its Schedules or (b) is asserted by the Debtor in objections

7  Filed in connection therewith as disputed, contingent or

8  unliquidated shall be deemed the "disputed portion" of such

9  Disputed Claim.

10     1.21.     Effective Date shall mean ten calendar days

11  after the Order of Confirmation becomes final, or, in the event

12  Debtor does not receive the Museum Advance on or prior to the

13  Confirmation Date, at such time as Debtor receives payment for

14  the sale of a sufficient portion of the Memorabilia Collection

15  to pay Claims herein in full, but in no event later than

16  December 31, 2010.

17     1.22.     Estate shall mean the Chapter 11 bankruptcy

18  estate established pursuant to § 541(a) of the Code by the

19  commencement of this Case on the Petition Date and all property

20  thereof as set forth in § 541(a) of the Code.

21     1.23.     Executory Contracts shall mean all unexpired

22  leases and executory contracts within the meaning of § 365 of

23  the Code.

24     1.24.     Fee Application shall mean the application of a

25  professional person under §§ 330, 331 or 503 of the Code for

26  allowance of compensation and/or reimbursement of expenses in

27  the Case.

28

1      1.25.     File or Filed shall mean file or filed with the

2 Court in this Case.

3      1.26.     Final Decree shall mean the Final Decree entered

4 by the Court after substantial consummation of the Plan

5 pursuant to Rule 3022.

6      1.27.     Final Order shall mean any order of the Court

7 with respect to which no party in interest has any further

8 right of appeal pursuant to Rule 8001, et seq., of the Rules

9 and that is no longer subject to appeal or certiorari

10 proceeding, and as to which no appeal or certiorari proceeding

11 is pending.

12      1.28.     Hearing on Confirmation shall mean the hearing

13 the Court conducts on the date noticed as the hearing on

14 confirmation of this Plan as set in the Order approving the

15 Disclosure Statement, as such hearing may be continued from

16 time to time by the Court.

17      1.29.     Insider shall mean Persons coming within the

18 definition of an "insider" of the Debtor in § 101(31) of the

19 Code and includes Todd Fisher, Debbie Reynolds, Carrie Fisher,

20 Freedom Farms, and Hollywood Motion Picture Experience.

21      1.30.     Kansas Litigation shall mean litigation

22 commenced July 30, 2008, in Johnson County, Kansas, Case No.

23 08CV06262, captioned *Gregory J. Orman, Plaintiff v. Hollywood*

24 *Motion Picture and Television Museum, et al., Defendants.*

25      1.31.     Memorabilia Collection shall mean all

26 collectibles, costumes, and artifacts owned by Debtor, Selden,

27 and Trust.

28

1      1.32.     Museum Advance shall mean an initial payment of

2   $4 million to be committed in connection with the Tennessee

3   Museum no later than August 1, 2010, and received by Debtor no

4   later than the Confirmation Date.

5      1.33.     Order of Confirmation shall mean the order

6   entered by the Court confirming the Plan in accordance with the

7   provisions of Chapter 11 of the Code.

8      1.34.     Orman shall mean Gregory Orman, holder of a

9   Secured Claim against a portion of the Memorabilia Collection.

10     1.35.     Orman Claim shall mean all claims asserted by

11   Orman against Debtor, under the Amended Note or otherwise, as

12   that Claim may be determined by the Court in a Final Order or

13   as agreed by Orman and Debtor.

14     1.36.     Person shall mean an individual, corporation,

15   partnership, joint venture, trust, estate, unincorporated

16   organization, or a government or any agency or political

17   subdivision thereof.

18     1.37.     Petition Date shall mean June 12, 2009.

19     1.38.     Plan shall mean this Chapter 11 Plan of

20   Reorganization Filed by the Debtor, as amended or modified in

21   accordance with the Code.

22     1.39.     Plan Debt shall mean the total of the all

23   Allowed Claims, Allowed Secured Claims, Administrative Claims,

24   Secured Tax Claims, Priority Tax Claims and Other Priority

25   Claims in this Case.

26     1.40.     Priority Tax Claims shall mean Claims entitled

27   to priority pursuant to § 507(a)(8) of the Code.

28

**24**

1      1.41.     Pro Rata shall mean, with respect to any holder

2 of Plan Debt, the proportion that the amount of such holder's

3 Plan Debt bears to the aggregate amount of the Plan Debt in the

4 same category or Class as such holder.

5      1.42.     Rule or Rules shall mean one or more of the

6 Federal Rules of Bankruptcy Procedure, as amended.

7      1.43.     Schedules shall mean the Schedules of Assets and

8 Liabilities and the Statement of Financial Affairs Filed herein

9 by the Debtor, pursuant to Rules 1007(a) and (b) together with

10 any amendments thereto hereinbefore or hereafter Filed with the

11 Court.

12      1.44.     Secured Claims shall mean Claims which are

13 secured by some or all of the Assets of the Estate.

14      1.45.     Secured Creditor shall mean the holder of a

15 Secured Claim.

16      1.46.     Selden shall mean Selden Enterprises Limited

17 Partnership, a Nevada Limited Partnership, Debtor in Case No.

18 9:10-bk-10865-RR in this Court.

19      1.47.     Tennessee Museum shall mean a museum to be

20 established at Belle Island Village, Pigeon Forge, Tennessee,

21 to display Hollywood memorabilia owned by Debtor and its

22 affiliates, Selden and Trust.

23      1.48.     Trust shall mean Hollywood Motion Picture Trust,

24 a California Trust.

25      1.49.     Unsecured Claims shall mean Claims that are not

26 Administrative Claims, Secured Claims, Other Priority Claims,

27 or Priority Tax Claims, but shall include the unsecured portion

28 of any Secured Claims.

**25**

1        1.50.        <u>Unsecured Creditor</u> shall mean the holder of an

2 Unsecured Claim.

3                          **II.**

4                **INTRODUCTION**

5      Hollywood Motion Picture and Television Museum, (the

6 "Museum" or "Debtor"), and Selden Enterprises Limited

7 Partnership ("Selden") are the debtors in two related Chapter

8 11 bankruptcy cases pending before this Court.  This document

9 is the Chapter 11 Plan (the "Plan") proposed by the Museum.

10 Sent to you in the same envelope as this document is the

11 Disclosure Statement which has been approved by the Court, and

12 which is provided to help you understand the Plan.

13      This Plan provides two alternative scenarios for the

14 payment of creditors:  (1) A reorganizing plan pursuant to

15 which creditors holding Allowed Claims will be paid in full

16 through the establishment of a museum at Belle Island Village

17 in Pigeon Forge, Tennessee, or (2) a liquidating plan pursuant

18 to which creditors holding Allowed Claims will be paid in full

19 from the proceeds of an auction or auctions to be conducted by

20 a nationally known auction house of the Memorabilia Collection,

21 and/or a private sale or sales of the Memorabilia Collection to

22 third party purchasers.

23      As discussed in detail in the Disclosure Statement, under

24 either scenario, the Plan proposes to satisfy all Allowed

25 Claims in full except as specifically agreed to by the Claimant

26 and the Debtor.

27

28

1                                    III.

2              CLASSIFICATION AND TREATMENT OF CLAIMS AND INTERESTS

3  A.    General Overview

4        As required by the Bankruptcy Code, the Plan classifies

5  claims and interests in various classes according to their

6  right to priority.  The Plan states whether each class of

7  claims or interests is impaired or unimpaired.  The Plan

8  provides the treatment each class will receive under the Plan.

9  B.    Unclassified Claims

10       Certain types of claims are not placed into voting

11  classes; instead they are unclassified.  They are not

12  considered impaired and they do not vote on the Plan because

13  they are automatically entitled to specific treatment provided

14  for them in the Bankruptcy Code.  As such, Debtor has not

15  placed the following claims in a class.

16       1.    Administrative Expenses

17       Administrative expenses are claims for costs or expenses

18  of administering the Debtor's Chapter 11 case, which are

19  allowed under section 503(b) of the Bankruptcy Code.  All

20  administrative claims except insider administrative claims will

21  be paid on the Effective Date of the Plan, unless a particular

22  claimant agrees to a different treatment.  Insider

23  administrative claims will not be paid or discharged under the

24  Plan.

25  C.   Classified Claims and Interests

26       1.    Classes of Secured Claims

27       Below is a summary of the Class containing the Debtor's

28  Secured Claim and its treatment under this Plan.

- 10 -                                          **27**

1          a.    **Class #1:   Secured Claim of Gregory Orman**

2       ___Classification___:   Class 1 consists of the Orman Claim.

3   This Claim is deemed to be fully secured.

4       ___Treatment___:   The principal balance, interest at the non-

5   default rate, and all actual damages resulting from Debtor's

6   default, will be reinstated and paid in full on the Effective

7   Date.[1]   Upon payment of the full amount of the Allowed Orman

8   Claim, the Orman Claim shall be deemed fully paid and satisfied

9   and may not be asserted further against assets pledged to

10  secure the Orman Claim by Debtor, Selden or Trust or otherwise

11  against Debtor, Selden or Trust.

12       Upon entry of the Order of Confirmation, the Debtor will

13  waive all defenses previously raised in the Kansas Litigation

14  including (a) the usurious interest charged by Orman under the

15  Amended Note and (b) the Debtor's lack of authority to enter

16  into the loan documents and incur additional debt to Orman.

17       If Debtor does not receive a binding commitment to make

18  the Museum Advance by the Advance Deadline, and actually

19  receive the Museum Advance by the Confirmation Date, Debtor

20  will sell the Memorabilia Collection, either privately or by

21  auction to take place no later than December 15, 2010, as

22  described in more detail below.   Orman will receive all net

23  sales proceeds from sales of the Memorabilia Collection up to

24  the full amount of the Orman Claim.   Payments will first be

25  applied to interest and the allowable costs portions of the

26

27

28

---

[1] The Plans proposed by Selden and Debtor each calls for the reinstatement
and payment in full of the Amended Note.  Notwithstanding the foregoing, the
Amended Note is a single obligation and will be satisfied only once and will
not be separately paid by Selden and Debtor.

1   Orman Claim, and last to the principal amount of the Orman

2   Claim.

3       **2.   Classes of Priority Unsecured Claims**

4       Certain Priority Claims that are referred to in Code

5   Sections 507(a)(3), (4), (5), and (6) must be placed in

6   classes.   These types of Claims are entitled to priority

7   treatment as follows: the Code requires that each holder of

8   such a claim receive cash on the Effective Date equal to the

9   allowed amount of such claim.

10       As of the Petition Date, the Debtor's books and records

11   reflected a $662,400 priority wage claim owed by the Museum to

12   Todd Fisher.   The portion of this claim entitled to priority is

13   $10,950.   The balance of Todd Fisher's wage claim is an Insider

14   Unsecured Claim held by an Insider and classified as a Class 4

15   Claim.   The entire Fisher Claim will be unaffected by Plan

16   Confirmation and will not be paid or discharged under the Plan.

17       In addition, Freedom Farms (dba of Todd Fisher) asserts an

18   administrative priority claim for post-petition rent and

19   utilities on the principal storage facility for the Memorabilia

20   Collection at 4124 North Ryan Road, Creston, California 93432.

21   This claim will be unaffected by Plan Confirmation and will not

22   be paid or discharged under the Plan.

23       **3.   Classes of Unsecured Creditors**

24       Unsecured Claims are Claims not entitled to priority under

25   Code Section 507(a).

26

27

28

1      a.   **Class #2:   Unsecured Claims (Non-Insiders)**

2      *Classification*:   Class 2 consists of all non-priority,

3   general unsecured claims asserted against the Debtors that are

4   held by non-insiders.

5      *Treatment*:   Unless Claimant and Debtor agree otherwise,

6   Claimant will receive cash equal to the amount of the Allowed

7   Class 2 Claim, plus interest on the face amount of the Allowed

8   Claim at the federal judgment rate from the Petition Date,

9   until paid.

10      *Timing*:   In the event that Debtor receives the Museum

11   Advance, Class 2 creditors will receive an initial, *pro rata*,

12   distribution up to the full amount of their Class 2 Allowed

13   Claim from funds remaining after payment of the Orman Claim,

14   Administrative Expenses, and Priority Unsecured Claims.   Debtor

15   will make the initial *pro rata* payment to Allowed Class 2

16   Claims from the Museum Advance 10 days follwing payment of the

17   Orman Claim, Administrative, and Priority Unsecured Claims.

18   The balance of Allowed Class 2 Claims will be paid quarterly

19   over a period not to exceed one year from all net proceeds

20   received by Debtor in connection with the Tennessee Museum

21   after payment of the balance of the Orman Claim, Administrative

22   Claims, and Priority Unsecured Claims, if any.

23          In the event Debtor does not receive the Museum

24   Advance, Class 2 Claims will be paid in full with interest from

25   proceeds of sale of the Memorabilia Collection after payment of

26   the Orman Claim, Administrative Claims, and Priority Unsecured

27   Claims on the Effective Date and no later than December 31,

28   2010.

1      **b.   Class #3:  Unsecured Claims (Insiders)**

2      *Classification*:  Class 3 consists of all non-priority,

3 Unsecured Claims asserted against the Debtors that are held by

4 Insiders.

5      *Treatment*:  Class 3 claims will receive no distribution

6 under the Plan, will be unaffected by Confirmation, and will

7 remain as Claims against the reorganized Debtors.

8 **D.   Means of Performing Under the Plan**

9      The Debtor's Plan provides for the full payment of the

10 Orman Claim from (a) an advance paid in connection with the

11 establishment of the Tennessee Museum no later than the

12 Confirmation Date, or (b) from the proceeds of an auction of

13 the Memorabilia Collection or sale of the Memorabilia

14 Collection directly to a third party purchaser prior to

15 December 31, 2010.  All other Claims will be paid from funds

16 available to Debtor from the Museum Advance and subsequent

17 royalty payments or from proceeds of sale of the Memorabilia

18 Collection as set forth above.

19      As described in the "Background" section of the Disclosure

20 Statement, Regions Bank now owns Belle Island Village and has

21 entered into an agreement to sell the project to Tennessee

22 Investor Partners.  The Reynolds Hollywood Motion Picture

23 Museum is intended to be the cornerstone and anchor tenant of

24 the Belle Island Village project.  Tennessee Investment

25 Partners and Todd Fisher are currently negotiating a term sheet

26 for the establishment of the Tennessee Museum, and any

27 agreement must provide for an immediate payment to Debtor in an

28

1  amount sufficient to pay the Orman Claim (the "Museum

2  Advance").

3       The Plan provides that the Museum Advance must be

4  committed on or before July 31, 2010 (the "Advance Deadline")

5  and actually received by Debtor no later than the Confirmation

6  Date.  If the Museum Advance is not timely committed and paid,

7  the Debtor will immediately thereafter engage Christie's or

8  such other nationally recognized auction house, to wit Julien's

9  Auctions, Sotheby's, or Profiles in History, to conduct a

10  series of auction sales of the Memorabilia Collection.  The

11  identity of the auction house will be determined on or before

12  the confirmation of the Plan.

13       The first auction will take place no later than December

14  15, 2010 and will include not less than $5 million in value of

15  the Memorabilia Collection as determined by the auction house

16  conducting the sale.  Subsequent auctions will occur at

17  intervals of not more than six months and include not less than

18  $5 million of remaining inventory of the Memorabilia Collection

19  as determined by the auction house.

20       All net proceeds of the sale of the Memorabilia Collection

21  will be paid first to Orman up to the full amount of the Orman

22  Claim.  All other proceeds will be used to pay Allowed Claims

23  in order of priority under the Code.

24       Notwithstanding the above, the Debtors may in their sole

25  and reasonable discretion at anytime sell all or a portion of

26  the Memorabilia Collection directly to a third party purchaser

27  or purchasers provided that the net proceeds of the sale of the

28  Memorabilia Collection are paid first to Orman up to the full

- 15 -

32

1  amount of the Orman Claim and, provided further that such sale

2  or sales shall be (1) in an amount sufficient to pay all

3  Allowed Claims, (2) at a price equal to or greater than the

4  appraised value of the Collection (Exhibit "1" to the Plan), or

5  (3) by stipulation of Orman and Debtor.

6      If Debtor fails to perform according to the terms of the

7  Plan, Orman may immediately thereafter proceed to schedule the

8  sale of the Memorabilia Collection in any commercially

9  reasonable manner.  In such an event, Debtor will cooperate

10 with Orman's efforts to sell the Memorabilia Collection and

11 Orman will account for any surplus funds generated from the

12 sales in excess of the Orman Claim, plus costs incurred, and

13 turn over to Debtor any sales proceeds in excess of his Claim

14 along with any remaining unsold memorabilia.

15 **E.    Disbursing Agent**

16     The reorganized Debtor shall act as the Disbursing Agent

17 for the purpose of making all distributions provided for under

18 the Plan.  The Disbursing Agent shall serve without bond and

19 shall receive no compensation for distribution services

20 rendered and expenses incurred pursuant to the Plan.

21     The Disbursing Agent, unless otherwise specified, will

22 make all distributions required under the Plan.  The

23 reorganized Debtor, as Disbursing Agent, will be vested with

24 full authority to take any action or execute and document

25 relating to a conveyance or other transfer that the Debtor

26 could have taken or executed.

27     The Disbursing Agent may employ or contract with other

28 persons to make or assist with these distributions.  Any person

1  who the reorganized Debtor employs to assist with distributions

2  will receive from the reorganized Debtor - on terms approved by

3  the reorganized Debtor but without further Court approval -

4  reasonable compensation for the distribution services that they

5  render under the Plan and reimbursement of reasonable out-of-

6  pocket expenses that they incur in connection with those

7  services.

8                                IV.

9                      EXECUTORY CONTRACTS

10      All executory contracts will be assumed.

11                                V.

12             EFFECTS OF CONFIRMATION OF PLAN

13  **A.   Discharge**

14      This Plan provides that upon payment in full of all claims

15  due under the Plan, the Debtor shall be discharged of liability

16  for payment of debts incurred before confirmation of the Plan,

17  to the extent specified in 11 U.S.C. § 1141.  However, any

18  liability imposed by the Plan will not be discharged.

19  **B.   Revesting of Property in the Debtor**

20      Except as provided in Section VI.E., and except as

21  provided elsewhere in the Plan, the confirmation of the Plan

22  revests all of the property of the estate in the Debtor.

23

24  **C.   Modification of Plan**

25      The Debtor may modify the Plan at any time before

26  confirmation.  However, the Court may require a new disclosure

27  statement and/or re-voting on the Plan if the Debtor modifies

28  the Plan before confirmation.

**34**

1   The Debtor may also seek to modify the Plan at any time

2   after confirmation so long as (1) the Plan has not been

3   substantially consummated and (2) if the Court authorizes the

4   proposed modifications after notice and a hearing.

5   **D.     Post-Confirmation Status Report**

6   Within 120 days of the entry of the order confirming the

7   Plan, the Debtor shall file a status report with the Court

8   explaining what progress has been made toward consummation of

9   the confirmed Plan.  The status report shall be served on the

10  United States Trustee, the twenty largest unsecured creditors,

11  and those parties who have requested special notice.  Further

12  status reports shall be filed every 120 days and served on the

13  same entities.

14  **E.     Quarterly Fees**

15  Quarterly fees accruing under 28 U.S.C. § 1930(a)(6) to

16  date of confirmation shall be paid to the United States Trustee

17  on or before the effective date of the plan.  Quarterly fees

18  accruing under 28 U.S.C. § 1930(a)(6) after confirmation shall

19  be paid to the United States Trustee in accordance with 28

20  U.S.C. § 1930(a)(6) until entry of a final decree, or entry of

21  an order of dismissal or conversion to chapter 7.

22  **F.     Post-Confirmation Conversion/Dismissal**

23  A creditor or party in interest may bring a motion to

24  convert or dismiss the case under § 1112(b), after the Plan is

25  confirmed, if there is a default in performing the Plan.  If

26  the Court orders the case converted to Chapter 7 after the Plan

27  is confirmed, then all property that had been property of the

28  Chapter 11 estate, and that has not been disbursed pursuant to

- 18 -

**35**

1  the Plan, will revest in the Chapter 7 estate, and the

2  automatic stay will be reimposed upon the revested property

3  only to the extent that relief from stay was not previously

4  granted by the Court during this case.

5  G.    Final Decree

6       Once the estate has been fully administered as referred to

7  in Bankruptcy Rule 3022, the Debtor or other party as the Court

8  shall designate in the Plan Confirmation Order, shall file a

9  motion with the Court to obtain a final decree to close the

10  case.

11       DATED:  July _16_, 2010.

12                              HOLLYWOOD MOTION PICTURE AND
                                TELEVISION MUSEUM

13

14

15                         By _____

16                            TODD FISHER, President

17  MICHAELSON, SUSI & MICHAELSON,
    A Professional Corporation,

18

19  By _____

20       PETER SUSI, Attorneys for
         Debtor and Debtor-in-

21       Possession

22

23

24

25

26

27

28

                            - 19 -

**36**