**ORIGINAL**

1

**MICHAELSON, SUSI & MICHAELSON**
A Professional Corporation
ATTORNEYS AT LAW
SEVEN WEST FIGUEROA STREET, SECOND FLOOR
SANTA BARBARA, CALIFORNIA 93101-3191
Telephone: (805) 965-1011
Facsimile: (805) 965-7351

Peter Susi, Bar No. 62957

(SPACE BELOW FOR FILING STAMP ONLY)

ENTERED

OCT 2 0 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY                    Deputy Clerk

2

3

4

5

6   Attorneys for Debtors and Debtors-in-Possession

7

8               **UNITED STATES BANKRUPTCY COURT**

9       **CENTRAL DISTRICT OF CALIFORNIA, NORTHERN DIVISION**

10

11   In re                                    )   BK No. ND 09-12311-RR
                                              )
12   HOLLYWOOD MOTION PICTURE AND             )   Chapter 11
     TELEVISION MUSEUM, a                     )
13   California Non-Profit                    )   Jointly Administered with:
     Corporation, and                         )   Case No: 9:10-bk-10865-RR
                                              )
14                                            )
     SELDEN ENTERPRISES LIMITED               )
15   PARTNERSHIP,                             )
                                              )   ORDER CONFIRMING FIRST
                                              )   AMENDED CHAPTER 11 PLANS OF
16              Debtors.                      )   REORGANIZATION
                                              )
17   _____             )
                                              )
     [X] Affects both Debtors                 )
18                                            )
     [ ] Applies only to Hollywood            )   **Confirmation Hearing:**
19   Motion Picture and Television            )
     Museum                                   )   Date:    September 8, 2010
                                              )   Time:    10:00 a.m.
20                                            )   Place:   1415 State Street
     [ ] Applies only to Selden               )            Courtroom 201
21   Enterprises Limited                      )            Santa Barbara, CA
     Partnership                              )
22                                            )
                                              )
23                                            )
                                              )
24                                            )

LODGED

OCT 13 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY

25

26

27

28

1

1 | AT SANTA BARBARA, CALIFORNIA, IN SAID DISTRICT ON THE ~~9TH~~ 20th DAY OF

2 | ~~SEPTEMBER~~, 2010.

3 | October ~~On September 8, 2010,~~ ~~At the above date, time and place~~, the Court held a

4 | hearing on confirmation (the "Confirmation Hearing") of the

5 | first amended chapter 11 plans of reorganization filed by

6 | debtors Hollywood Motion Picture & Museum ("Museum's Plan") and

7 | Selden Enterprises Limited Partnership ("Selden's Plan," and

8 | collectively, "Debtors' Plans") and the first amended chapter

9 | 11 plan of liquidation filed by secured creditor Gregory Orman

10 | in the Hollywood Motion Picture & Museum case ("Orman's Plan").

11 | The capitalized terms in this Order have the same meanings as

12 | accorded to them in the Debtors' Plans unless otherwise set

13 | forth herein.  Copies of Museum's Plan and Selden's Plan are

14 | attached hereto as Exhibits "A" and "B," respectively.

15 | Peter Susi and Jonathan Gura of the law firm of

16 | Michaelson, Susi & Michaelson appeared for Debtors.  Mark

17 | Shaiken of the law firm Stinson Morrison Hecker and David

18 | Farmer of the law firm Farmer & Ready appeared for Orman.

19 | Other appearances are as noted on the record.

20 | The Court, having considered the Debtors' Plans and

21 | Orman's Plan, the pleadings and declarations filed in support

22 | and opposition to each of the plans, the arguments of counsel

23 | and testimony of witnesses at the Confirmation Hearing, makes

24 | the following findings:

25 | The Court has jurisdiction over this matter pursuant to 28

26 | U.S.C. § 1334 and this matter is a core proceeding as defined

27 | by 28 U.S.C. §§ 157(b)(2)(A), (L) and (O).  The Court has the

28 | authority to enter a final order confirming the Debtors' Plans

- 2 -

1  pursuant to 28 U.S.C. § 157(b)(1) and 11 U.S.C. §§ 1128, 1129,

2  1141 and 1142.

3      A hearing took place on June 16, 2010 on the original

4  disclosure statements filed by Debtors and Orman at which the

5  Court set certain dates relating to confirmation of and voting

6  on Debtors' Plans and Orman's Plan.  In accordance with the

7  timeline set by the Court at the June 16, 2010 hearing, Debtors

8  and Orman each filed their amended plans and amended disclosure

9  statements and properly served all parties in interest with the

10 amended plans, amended disclosure statements and ballots.

11     The notice to Creditors and other parties in interest

12 provided in connection with Debtors' Plans is reasonable and in

13 all respects complies with the Fed. R. Bankr. P. 2002(b) and

14 3017.  All persons and entities entitled to receive notice of

15 the hearing and the objection deadline concerning confirmation

16 of Debtors' Plans have received due, proper and adequate notice

17 thereof.

18     At the Confirmation Hearing, Debtors and Orman settled

19 their dispute over the amount and treatment of the Orman claim.

20 The terms of the settlement are set forth in the Confirmation

21 Settlement Agreement (the "Settlement Agreement") attached

22 hereto as Exhibit "C" and incorporated by reference herein.

23 The Debtors, Fisher, Reynolds, the Trust, and Orman are hereby

24 authorized and directed to perform the terms of Exhibit "C" -

25 the Settlement Agreement.

26     The Debtors have agreed that the Orman claim will be paid

27 in accordance with the terms of Exhibit "C" and that to the

28 extent there is any inconsistency between Debtors' Plans, this

1  Order, and Exhibit "C," this Order and Exhibit "C" shall

2  control.

3      Debtors' Plans alter the legal, equitable and contractual

4  rights to which Orman is entitled and therefore leaves Orman

5  impaired.  Orman has agreed to accept Debtors' Plans subject to

6  the amendments reflected in Exhibit "C" and to withdraw the

7  Orman Plan.

8      Debtors have designated Christie's, and Christie's is

9  hereby authorized, to conduct the initial auction of the

10  Collection.

11     The Effective Date of Debtors Plans is fourteen days after

12  the Confirmation Date.  On or before July 23, 2011, Debtors

13  will pay all net proceeds from the sale of the Collection to

14  Orman up to the full amount of Orman's claim as set forth in

15  Exhibit "C."  Any remaining funds from the sale of the

16  Collection shall be paid pro-rata to creditors holding Allowed

17  Claims in order of priority as set forth in the Bankruptcy Code

18  up to the full amount of each Allowed Claim ("July 23, 2011

19  Payments").  In the event Allowed Claims remain unpaid after

20  the July 23, 2011 Payments, the remaining unpaid Allowed Claims

21  will be paid in full no later than December 31, 2011 from

22  proceeds of the sale of the Collection in accordance with

23  Debtors' Plans.

24        **The Requirements of Section 1129**

25     § 1129(a)(1).  Debtors' Plans comply with the applicable

26  provisions of Chapter 11 of the Bankruptcy Code including,

27  without limitation, all of the requirements of 11 U.S.C. §

28  1129(a).

- 4 -

1     § 1129(a)(2).   Debtors have complied with the applicable

2 provisions of the Bankruptcy Code required by 11 U.S.C. §

3 1129(a)(2).

4     § 1129(a)(3).   Debtors' Plans have been proposed in good

5 faith and not by any means forbidden by law and therefore

6 complay with the requirements of 11 U.S.C. § 1129(a)(3).

7     § 1129(a)(4).   All payments made or promised to be made by

8 Debtors for services or costs and expenses in connection with

9 these cases, or in connection with Debtors' Plans incident to

10 these cases, have been approved or are subject to approval of

11 the Court, as reasonable, as required by 11 U.S.C. §

12 1129(a)(4).

13     § 1129(a)(5).   The Debtors have disclosed the identity and

14 the nature of any insider compensation as required by 11 U.S.C.

15 § 1129(a)(5).

16     § 1129(a)(6).   No governmental regulatory commission has

17 jurisdiction over the rates of Debtors.   Therefore, §

18 1129(a)(6) is inapplicable to confirmation of Debtors' Plans.

19     § 1129(a)(7).   Each holder of a Claim and/or Interest has

20 either accepted Debtors' Plans or will receive or retain under

21 Debtors Plans on account of such Claim or Interest, property of

22 a value as of the Effective Date of Debtors' Plans that is not

23 less than the amount that such holder would so receive or

24 retain if Debtors' estates were liquidated under Chapter 7 as

25 required by 11 U.S.C. § 1129(a)(7).

26 //

27 //

28 //

- 5 -

1   § 1129(a)(8).

2          In the Museum Case:

3          Class 1.   Class 1 is impaired under Museum's

4   Plan (as amended herein and by the Settlement Agreement) and

5   has accepted the plan.

6          Class 2.   Class 2 is impaired under Museum's

7   Plan and has not accepted the plan.  However, 11 U.S.C. §

8   1129(b) permits confirmation of Museum's plan despite a

9   nonaccepting class of unsecured claims if the plan meets all

10  requirements except the voting requirements of 1129(a)(8) and

11  if the plan does not discriminate unfairly and is fair and

12  equitable toward each impaired class that has not voted to

13  accept the plan.  Museum's plan does not discriminate unfairly

14  as all Class 2 creditors are treated alike under the plan.  11

15  U.S.C. § 1129(b)(2)(B)(i) provides that the plan must provide

16  that each unsecured creditor in the class receive property, as

17  of the effective date, equal to the amount of its claim.

18  Museum's plan satisfies the requirements of 11 U.S.C. §

19  1129(b)(2)(B)(i) because all creditors in Class 2 are receiving

20  full payment of their Allowed Claim plus statutory interest

21  from the petition date to the date of payment.  In re Perez, 30

22  F.3d 1209 (9th Cir. 1994).

23          Class 3.   Class 3 has accepted Museum's Plan,

24  and will be unaffected by Confirmation because Class 3 Allowed

25  Claims will remain as Claims against the reorganized Debtor.

26

27

28

- 6 -

1         In the Selden Case:

2                 Class 1.  Class 1 is impaired under Selden's

3 Plan (as amended herein and by the Settlement Agreement) and

4 has accepted the plan.

5                 Class 2.  Class 2 has accepted Selden's Plan.

6                 Class 3.  Class 3 is impaired under Selden's

7 Plan and has not accepted the plan.  However, 11 U.S.C. §

8 1129(b) permits confirmation of Selden's plan despite a

9 nonaccepting class of unsecured claims if the plan meets all

10 requirements except the voting requirements of 1129(a)(8) and

11 if the plan does not discriminate unfairly and is fair and

12 equitable toward each impaired class that has not voted to

13 accept the plan.  Selden's plan does not discriminate unfairly

14 as all Class 3 creditors are treated alike under the plan.  11

15 U.S.C. § 1129(b)(2)(B)(i) provides that the plan must provide

16 that each unsecured creditor in the class receive property, as

17 of the effective date, equal to the amount of its claim.

18 Selden's plan satisfies the requirements of 11 U.S.C. §

19 1129(b)(2)(B)(i) because all creditors in Class 3 are receiving

20 full payment of their Allowed Claim plus statutory interest

21 from the petition date to the date of payment.  In re Perez, 30

22 F.3d 1209 (9th Cir. 1994).

23                 Class 4.  Class 4 has accepted Selden's Plan,

24 and will be unaffected by Confirmation because Class 4 Allowed

25 Claims will remain as Claims against the reorganized Debtor.

26                 Class 5.  Class 5 has accepted Selden's Plan.

27       § 1129(a)(9).  Debtor's insiders have consented to

28 Debtors' Plans and payment to them will be deferred until all

1  other Allowed Claims are paid in full.  The only non-insider

2  Administrative or Priority Claims in Debtors' cases are held by

3  Michaelson, Susi & Michaelson ("MSM").  MSM has agreed to defer

4  payment of its claim until the Orman Claim is paid in full and

5  will thereafter be paid, as allowed by the Court in a

6  subsequent order, from proceeds of Debtors' memorabilia

7  auctions.

8      With respect to the Administrative Expenses and Priority

9  Claims specified in Debtors' Plans, each holder of a Claim

10 thereof will receive on account of such Claim, Cash equal to

11 the Allowed amount of such Claim on the Effective Date or upon

12 such other terms agreed by the respective holders of such

13 Claims and Debtors or as permitted by 11 U.S.C. § 1129(a)(9).

14     § 1129(a)(10).  The Debtors' Plans comply with the

15 provisions of 11 U.S.C. § 1129(a)(10).  Class 1 in each of

16 Debtors' Plans is a non-insider, is impaired, and has voted to

17 accept Debtors' Plans.

18     § 1129(a)(11).  § 1129(a)(11) requires a finding that

19 confirmation of the plan is not likely to be followed by the

20 liquidation of the debtor unless such liquidation is proposed

21 in the plan.  Debtors' Plans provide for the liquidation by

22 auction of the Collection and therefore comply with this

23 section.

24     § 1129(a)(12).  In conformity with the requirements of 11

25 U.S.C. § 1129(a)(12), all fees payable under 28 U.S.C. § 1930

26 as determined by the Court at the hearing on confirmation of

27 Debtors' Plans have been paid or the payment of all such fees

28

1    shall be made on the Effective Date of Debtors' Plans, or as

2    soon as such fees are allowed.

3         §§ 1129(a)(13)(14) and (15).  These sections are not

4    applicable to these cases.

5         § 1129(a)(16).  All transfers of property provided for in

6    Debtors Plans will be made in accordance with all applicable

7    non-bankruptcy law.

8         Debtors, all Creditors, and parties in interest

9    (regardless of whether they filed proofs of claim or voted) are

10   bound by the Debtors' Plans within the meaning of 11 U.S.C. §

11   1141 and as provided in the Plan and this Order.

12        NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED

13   AS FOLLOWS:

14        A.   Debtors' Plans, copies of which are attached hereto as

15   Exhibits "A" and "B," as modified by Exhibit "C" are hereby

16   confirmed.

17        B.   Debtors Plans shall be binding upon: (i) the Debtors,

18   and (ii) any Creditors or parties in interest of the Debtors,

19   whether or not the Claim or Interest of such Creditor or party

20   in interest is impaired under Debtors' Plans and whether such

21   Creditor or party in interest filed a Claim or has accepted

22   Debtors' Plans.

23        C.   Except as otherwise provided in the Debtors' Plans,

24   from and after payment of all sums to be paid thereunder,

25   Debtors are discharged from each "debt" as that term is defined

26   in 11 U.S.C. § 101(12), and Debtors' liability in respect

27   thereof is extinguished completely.  All Claims and the debts

28   of the Debtors (whether reduced to judgment asserted or

- 9 -

1 | unasserted, fixed or not, matured or unmatured, disputed or

2 | undisputed, legal or equitable, known or unknown) that arose

3 | from any agreement that the Debtors entered into, or obligation

4 | incurred by Debtor, before the Confirmation Date, including,

5 | without limitation, all interest, if any, on any such debts,

6 | whether such interest was incurred before or after the Filing

7 | Date (including without limitation, any liability of a kind

8 | specified in 11 U.S.C. §§ 502(g), 502(h) and 502(i), whether or

9 | not a proof of claim is filed or deemed filed under 11 U.S.C.

10 | § 501, and whether or not such claimant has accepted the Plan),

11 | which may permissibly be discharged or released under 11 U.S.C.

12 | § 1141, are discharged as of Substantial Consummation of the

13 | Plan as defined in 11 U.S.C. § 1101(2), except as expressly

14 | provided for in the Debtors' Plans or this Confirmation Order.

15 |         D.   From and after entry of the Discharge Order, any

16 | judgment at any time obtained, to the extent that such judgment

17 | is a determination of the liability of the Debtors, is rendered

18 | null and void except as expressly provided for in Debtors'

19 | Plans.

20 |         E.   The Court retains jurisdiction of this case pursuant

21 | to and for the purposes set forth in 11 U.S.C. § 1127(b) and

22 | § 1142(b) and for the following purposes:

23 |              1.   Allowance or disallowance of Claims or

24 | Interests;

25 |              2.   To hear all objections to Claims or Interests.

26 | Objections shall be filed no later than

27 | _____December 20, 2010_____ ;

28 |

1      3.    To fix allowance of compensation and other

2  Administrative Expenses.  All applications for allowance of

3  Administrative Expenses shall be filed ~~within~~ *by*

4  *December 20, 2010;* ~~days after the Confirmation Date;~~

5      4.    To resolve any dispute concerning interpretation

6  or implementation of Debtors' Plans or this Confirmation Order,

7  including, but not limited to, the resolution of any

8  ambiguities in, Debtors' Plans and to enforce the

9  implementation of Debtors' Plans, the Confirmation Settlement

10  Agreement, or this Confirmation Order, and to enforce the

11  provisions thereof;

12      5.    To correct any defect, cure any omission or

13  reconcile any inconsistency in the Debtors' Plans or this

14  Confirmation Order as may be necessary to carry out the purpose

15  and intent of the Debtors' Plans;

16      6.    To enter any order or decree closing Debtors'

17  Estates and determining the jurisdiction granted herein;

18      7.    To enforce and interpret by injunction or

19  otherwise the terms and conditions of the Debtors' Plans; and

20      8.    To enforce the injunction set forth in Paragraph

21  G below.

22      F.    Except as otherwise expressly provided in the Debtors'

23  Plans, all entities who have held, hold or may hold Claims and

24  all entities or persons who have held, hold or may hold an

25  Interest against Debtors, are permanently enjoined on and after

26  the Effective Date from: (i) commencing or continuing in any

27  manner any action or proceeding of any kind with respect to any

28  such Claim or Interest against the Debtors; (ii) the

- 11 -

1  enforcement, attachment, collection or recovery by any manner

2  or means of any judgment, award, decree or order against the

3  Debtors, or the property of the Debtors, with respect to any

4  such Claim or Interest; (iii) creating, perfecting or enforcing

5  any encumbrance of any kind against Debtor, or against the

6  property of the Debtors with respect to any such Claim or

7  Interest; and (iv) asserting any setoff, right of subrogation

8  or recoupment of any kind against any obligation due to the

9  Debtors, or against the property of the Debtors with respect to

10 any such Claim or Interest.

11      G.   Except as otherwise expressly provided in Debtors'

12 Plans or this Confirmation Order, on the Effective Date, the

13 Debtors shall be vested with all of the property of the Estates

14 free and clear of all Claims, liens, encumbrances, charges and

15 other interests of Creditors and equity security holders,

16 except as provided for in the Debtors' Plans and the

17 Confirmation Settlement Agreement.  The Debtors shall comply in

18 all respects with the provisions of Debtors' Plans and this

19 Confirmation Order and shall continue as Debtors-in-Possession

20 under the Bankruptcy Code until the Effective Date.

21      H.   The automatic stay of 11 U.S.C. § 362 shall remain in

22 effect until Substantial Consummation of Debtors' Plans as

23 defined in 11 U.S.C. § 1101(2), except as provided in the

24 Debtors' Plans.

25      I.   Persons soliciting acceptances of Debtors' Plans in

26 good faith and in compliance with the applicable provisions of

27 Title 11 are not liable on account of such solicitation or

28 participation, for violation of any applicable law, rule or

- 12 -

1 | regulation governing solicitation of acceptances of Debtors'

2 | Plans as set forth in 11 U.S.C. § 1126(e).

3 |   J. A post-confirmation status conference will be held on

4 | *April 18, 2011*   , at 10:00 a.m., unless the Court has

5 | entered a Final Decree prior to that date.  If a Final Decree

6 | has not been entered, the Debtors shall file a Status Report

7 | with the court on or before *April 13, 2011*, which

8 | Report shall contain at least the following information:

9 |    1. A schedule listing for each debt and each Class

10 | of Claims:  the total amount required to be paid under the

11 | Debtors' Plans; the amount required to be paid as of the date

12 | of the Report; the amount actually paid as of the date of the

13 | Report; and the deficiency, if any, in required payments;

14 |    2. A schedule of any and all post-confirmation tax

15 | liabilities that have accrued or come due, and a detailed

16 | explanation of payments thereon;

17 |    3. The Debtors' projections as to their continuing

18 | ability to comply with the terms of the Debtors' Plans;

19 |    4. An estimate of the date for Substantial

20 | Consummation of Debtors' Plans and application for final

21 | decree; and

22 | //

23 | //

24 | //

25 | //

26 | //

27 |

28 |

- 13 -

1      5.    Any other pertinent information needed to

2  explain the progress toward completion of the confirmed

3  Debtors' Plans.

4                                    *Robin Riblet*

5                              ROBIN L. RIBLET
                              United States Bankruptcy Judge

6

7

8  Approved as to Form and Content:

9

10

11  Attorneys for Gregory Orman

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28